UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:12-CR-156 |
| | ) | (Phillips/Shirley) |
| BARRY EUGENE EVANS | ) | |

## MEMORANDUM AND ORDER

On April 4, 2013, the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge, filed a 17-page Report and Recommendation (R&R) [Doc. 26] in which he recommended that defendant's motion to suppress evidence obtained as a result of the seizure and search of the defendant on November 11, 2012 [Doc. 19] be granted. Thus, Magistrate Judge Shirley recommended that the firearm and ammunition seized on November 11, 2012 be suppressed.

This matter is presently before the court on the government's timely objections to the R&R [Doc. 27], to which the defendant has responded [Doc. 31]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which the government objects. For the reasons that follow, the court finds itself in agreement with Judge Shirley's thorough analysis of the legal issues arising from the evidentiary hearing conducted by him on February 28, 2013. Consequently, the government's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to suppress evidence will be granted.

Defendant has been charged in a one-count indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Defendant moves to suppress all evidence seized by police on November 11, 2012, including the firearm and ammunition which is the basis for the indictment, arguing that the officers violated his Fourth Amendment rights to be free of warrantless searches and seizures. He contends that the officers seized him and conducted a pat-down search without having reasonable suspicion that a crime had been committed.

The government, on the other hand, responds that the officers had reasonable suspicion to believe that criminal activity was afoot. The government also argues that the pat-down search of the defendant was necessary to ensure officer safety and that the firearm and ammunition obtained should, therefore, be admissible at trial.

At the hearing on the motion to suppress, the government presented the testimony of one witness, Knoxville Police Department Officer Jajuan Hamilton. Officer Hamilton testified that on November 11, 2012, he was dispatched to the Dollar General Store on the corner of Middlebrook Pike and University Avenue. The dispatcher told him that two people had contacted the police and reported a male with a gun in the store. The dispatcher gave the following description of the unidentified male: black, bald, wearing a black sweatshirt with white writing on it, black jeans, and smoking a cigarette. The person had just left the Dollar General Store and was heading towards Squire's Liquor. Officer Hamilton asked the dispatcher what the male was doing with the gun, but the dispatcher stated that she was not sure and that the callers only reported that the male had a gun in

his back pocket and was walking around. When Officer Hamilton arrived, he observed the defendant walking on the corner of University and Western Avenues. He testified that defendant was wearing a black hoodie and had a white towel around his neck. He could not see if defendant was bald because defendant had his hood on over his head. Officer Hamilton testified that he did not see a weapon on defendant.

Officer Hamilton approached defendant from behind and asked defendant what was going on and whether he was just at the Dollar General Store. Defendant responded that he was not. Officer Hamilton then told defendant he was going to pat him down. Officer Hamilton grabbed defendant's arm and Hamilton's partner, Officer Charlie Winstead, grabbed defendant's other arm. Officer Hamilton said that defendant refused to allow the officers to pat him down and an altercation ensued. Officer Hamilton attempted to tase defendant, but defendant pulled both taser prongs out. The officers saw a gun in defendant's back pocket, and Officer Winstead was able to take it before the defendant fled on foot. Officer Hamilton ran after defendant, but lost sight of him.

Magistrate Judge Shirley found that the defendant was seized when the officers grabbed his arms and attempted to pat him down. Further, the magistrate found that the circumstances did not give the officers reasonable suspicion to detain defendant and to conduct a pat-down search. Thus, Magistrate Judge Shirley recommended the evidence produced from the illegal search and seizure be suppressed.

The government has filed objections to the Magistrate Judge's (1) factual findings, (2) his legal conclusions, and (3) his recommendation that the firearm and ammunition seized from defendant be suppressed in this case.

As noted by the Magistrate Judge, the Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. An officer may stop a person only if he "has reasonable, articulable suspicion that the person has been, is or is about to be engaged in criminal activity." *United States v. Johnson,* 620 F.3d 685, 690 (6th Cir. 2010) (quoting *United States v. Place*, 462 U.S. 696, 702 (1983)). The officer's reasonable suspicion permits the officer to detain the suspect while asking a moderate number of questions to identify the suspect and either confirm or dispel the officer's suspicions. *United States v. Martin*, 289 F.3d 392, 396 (6th Cir. 2002). If the suspect's answers fail to supply the officer with probable cause to arrest the suspect, then the officer must release the suspect. *Id.*. The court evaluates the reasonableness of the officer's suspicion in light of the totality of the circumstances surrounding the stop. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002); *Martin*, 289 F.3d at 398.

Here, the defendant argues that at the time he was seized, the officers lacked reasonable suspicion to conduct an investigatory stop. The government argues that the officers did have a reasonable articulable suspicion that criminal activity was afoot based on information provided by the 911 callers; that the defendant reasonably met the description provided by the 911 callers; and that suppression of the evidence is not the

proper remedy because the firearm was recovered after the defendant committed an intervening offense (resisting, fighting and fleeing from the officers). Magistrate Judge Shirley found that

> [a]t the time Officer Hamilton seized the defendant, Officer Hamilton had only been told by the dispatcher that there was a suspicious male with a gun at the Dollar General Store, that the male was reportedly heading towards Squire's Liquor, and a description was given of the unidentified male indicating he was a black male, bald, wearing a black sweatshirt with white lettering and smoking a cigarette. Officer Hamilton saw a man whom he claimed matched the description given by the dispatcher. Officer Hamilton approached and asked the defendant if he had recently been at the Dollar General Store. The defendant replied that he had not. Without asking any additional inquires, the officers immediately seized the defendant and insisted on conducting a pat-down search. At the time the defendant was detained, the totality of the circumstances included: (1) two calls placed to 911 reporting only that a male with a gun was at the Dollar General store, (2) the above description of the male, and (3) the way he was heading. Based upon the totality of the circumstances, the court cannot find that the officers had reasonable suspicion to detain the defendant.

[Doc. 26, pg 12].

The problem for the government in this case is that the two 911 calls asserted no illegal activity. *See Johnson,* 620 F.3d at 694 ("Reasonable suspicion requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person"). Officer Hamilton asked the dispatcher what the male was doing with the gun, but she stated that she was not sure and noted that the 911 callers had only stated that the male had a gun in his back pocket and was walking around. The officers never asked defendant if he had a gun or if he had a permit to carry one. The mere fact that defendant was in the immediate area of the Dollar General Store and matched a couple of the given

physical descriptions did not supply reasonable suspicion for the officers to immediately restrain him and demand a pat-down absent some information that he had or was about to commit a criminal act. The court agrees with Magistrate Judge Shirley's factual findings and legal conclusion that the officers approached the defendant and seized him without reasonable suspicion to believe that he had or was about to commit a crime, or that he was even the man described by the callers as being in the store in possession of a gun.

Next, the government's argument that the evidence should be admissible because the firearm and ammunition were recovered after the defendant committed an intervening offense is not persuasive. The government contends that by resisting, fighting and fleeing the officers during the stop, defendant committed a new and distinct crime which removed any taint which may have attached on the defendant's initial detention. Officer Hamilton testified that defendant assaulted both officers before he fled the scene. Defendant was subsequently charged with aggravated assault for his assault on the two officers and for resisting arrest. It was during this struggle that Officer Winstead was able to get the firearm away from the defendant. However, those events occurred after the officers had seized defendant and taken him to the ground. The illegal seizure had already occurred before the defendant resisted. The officers did not see the gun until they were wrestling with defendant on the ground and the gun was taken from defendant before he ran away. *See Florida v. J.L.,* 529 U.S. 266 (2000) ("That the allegation about the gun turned out to be correct does not suggest that the officers, prior to the frisk, had a reasonable basis for suspecting J.L. of engaging in unlawful conduct. The reasonableness of official suspicion must be measured by what the officers knew before they conducted

their search"); *Johnson,* 620 F.3d 685, 696 (6th Cir. 2010) (reasonable suspicion for a stop cannot be based on events that occur after the defendant is seized).

Last, the government argues that suppression of the firearm and ammunition in this case is not warranted because the officers' conduct was not a "flagrant and deliberate violation of rights," nor "intentional misconduct that was patently unconstitutional." *See Herring v. United States,* 555 U.S. 135, 143-44 (2009). The court disagrees and finds the Supreme Court's reasoning in *Sibron v. New York* controlling:

> The police officer is not entitled to seize and search every person whom he sees on the street or of whom he makes inquiries. Before he places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so. In the case of the self-protective search for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous.

*Id,* 392 U.S. 40, 64 (1968). Here, the officers had no reasonable suspicion that a crime had been committed, and they lacked reasonable suspicion to conduct an investigatory stop of defendant. If a stop is not justified at its inception, any evidence resulting therefrom must be excluded. *See United States v. Blair,* 524 F.3d 740, 750 (6th Cir. 2008).

Having reviewed the record and the briefs of the parties, the court is not persuaded that Magistrate Judge Shirley erred in his factual findings or legal conclusions. The court agrees with Magistrate Judge Shirley's conclusion that the officers lacked reasonable suspicion to suspect the defendant of criminal activity at the time they seized and subjected defendant to a pat-down search. For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&R, the government's objections

to the R&R [Doc. 27] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 26] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to suppress evidence obtained as a result of the seizure and search of the defendant on November 11, 2012 [Doc. 19] is **GRANTED**.

       **IT IS SO ORDERED.**

**ENTER:**

             <u>    s/ Thomas W. Phillips    </u>
                United States District Judge